THE CITY OF DES MOINES V. STEPHENSON *et` al.*

1. **Practice:** ACTION FOR SIDEWALK-ASSESSMENT. Under section 1068 of the Revision of 1860, a municipal corporation may institute but one suit against all the owners of lots against which an assessment was made for the construction of sidewalks; but the court may, in its discretion, compel the plaintiff to sever and file a separate petition against each defendant.

2. —— STATUTE CONSTRUED. Such actions are governed by sections 1068, 1069, and not by sections 2844, 2846, Revision of 1860. The two sections first above mentioned were not repealed by section 4187.

*Appeal from Polk District Court.*

WEDNESDAY, JANUARY 17.

MUNICIPAL CORPORATIONS, ACT: REPEAL PRACTICE, &C. — This is an action by the city of Des Moines against eighteen different defendants, to recover the amount of a sidewalk tax or assessment, upon the several lots described in the petition. The proceeding is based upon sections 1068 and 1069 of the Revision. As against each defendant, the city's cause of action is separately stated in a distinct count. The fifth count was against the defendants, Fenton and White.

The sixth count was against one Jacob Rickart. By consent, Stephenson, as the present owner of the Rickart lot, was substituted as defendant, in place of Rickart, and moved the District Court to strike out of the petition all of the counts but the sixth, for misjoinder of parties defendants, and because of the improper joinder of independent causes of action against other defendants. For the same reason the defendants, Fenton and White, moved the court "to sever the proceedings herein."

These motions were, "by the court, sustained, and leave given the plaintiffs to file separate petitions against each owner, without costs of further service. Said causes to be severally docketed and the present petition to stand as on

sixth count against the defendant Stephenson, and the title of the cause changed accordingly, to which order the city excepts," and to reverse which it prosecutes this appeal.

*S. Sibley* for the city.

*Phillips & Phillips* for the appellees.

DILLON, J. — I. Section 1068 of the municipal corporations act, Rev., p. 176, authorized the city to institute the action " against all the owners or against each or any number of them, embraced in any one assessment, but the judgment or decree shall be rendered separately for the amount properly chargeable, and any proceeding may be served (*severed*) *in the discretion* of the court, for the purpose of trial, review or appeal."

1. PRAC-
TICE: ac-
tion for side-
walk assess-
ment.

The action of the court was but the fair exercise of this discretion. The several defendants may make different defenses, and the order of the court will tend to prevent confusion in the proceedings and record. As against defendants who made no defense or objection or application to sever, the court did not " order " separate petitions but simply " gave leave " to file them.

And even if it had ordered a separate petition to be filed against each lot owner, the only effect would have been to impose upon the plaintiff's attorney the labor of writing the petition. This is a matter of practice confided to the discretion of the court below. Many courts wholly refuse to reverse a ruling or order which rests in the *discretion* of the inferior tribunal. Certain it is that discretionary rulings or orders relating to practice should be reversed only in cases of manifest abuse, resulting in substantial prejudice.

II. We concur in the opinion of the city's attorney, that

§§ 1068, 1069, of the Revision, and not §§ 2844, 2846,

2. —— stat- apply to, and govern the proceeding; and it is
ute con-
strued.      also our opinion that the former two sections
1068 and 1069, are not repealed by § 4187.

Affirmed.